**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4233**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

KORTNEY DONNELL CREWS, a/k/a Homicide, a/k/a P,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:19-cr-00062-H-1)

Submitted: February 10, 2021          Decided: March 24, 2021

Before GREGORY, Chief Judge, and KEENAN and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kortney Donnell Crews pled guilty, pursuant to a plea agreement, to interstate transportation for prostitution, in violation of 18 U.S.C. § 2421(a). The district court sentenced Crews to 120 months' imprisonment, imposed a 5-year term of supervised release, and ordered Crews to comply with the mandatory and standard conditions of supervised release and several special conditions. The written judgment also included discretionary conditions that were not announced at sentencing—specifically, that Crews may not incur new credit charges or open additional lines of credit without approval of the probation office and must provide the probation office with access to any requested financial information ("financial conditions").

On appeal, Crews challenges the district court's imposition of the financial conditions, arguing that the court improperly included them in the written judgment because it did not announce them during the sentencing hearing and that the financial condition prohibiting him from incurring new charges or lines of credit without the approval of the probation office is an impermissible delegation of judicial authority. Crews also disputes the calculation of his Sentencing Guidelines range. The Government has moved to dismiss the appeal as barred by the appellate waiver in Crews' plea agreement. Based on our recent decisions in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), we deny the Government's motion to dismiss, vacate Crews' sentence, and remand for resentencing.

In *Rogers*, we held "that all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." 961 F.3d at 296. "The requirement

2

that discretionary conditions be pronounced in open court gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. Thus, pursuant to *Rogers*, the district court improperly included the financial conditions in the written judgment because the court did not announce those conditions at sentencing. And, pursuant to *Singletary*, Crews' *Rogers* claim is not barred by his appellate waiver. *See Singletary*, 984 F.3d at 344-45 (holding that *Rogers* claim was not barred by appellate waiver because waiver precludes challenges to sentence actually imposed on defendant and discretionary conditions not announced at sentencing are not part of sentence).

The Government has withdrawn its motion to dismiss Crews' challenges to the financial conditions in light of *Singletary*; it maintains, however, that Crews has waived the right to dispute his custodial sentence. The Government observes that *Singletary* involved supervised release conditions only, whereas Crews challenges both his supervised release conditions and his custodial sentence. But *Singletary* expressly rejected this distinction, stating that a full resentencing was warranted "given that custodial and supervised release terms are components of one unified sentence." *Id.* at 346 n.4 (alteration and internal quotation marks omitted). And, as in *Singletary*, there is no need for us to examine Crews' remaining claims because the *Rogers* error, "[b]y itself, . . . requires that we vacate [Crews'] sentence and remand for the district court to conduct the sentencing anew." *Id.* at 344.

3

Accordingly, we deny the Government's motion to dismiss, vacate Crews' sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*