**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4530**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY LATRELL LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00356-D-2)

Submitted:  July 12, 2021                                    Decided:  July 20, 2021

Before NIEMEYER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Latrell Lewis pled guilty to distribution of 50 grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Lewis to 195 months' imprisonment and 5 years' supervised release. On appeal, Lewis challenges the district court's application of an offense level enhancement for obstruction of justice under the advisory Sentencing Guidelines and the court's imposition of discretionary conditions of supervised release in the written judgment that were not announced at sentencing. The Government has filed a motion to remand in part and dismiss in part, conceding that the court failed to properly pronounce Lewis' supervised release conditions but arguing that Lewis' Guidelines argument is barred by the appellate waiver in his plea agreement. For the reasons that follow, we deny the Government's motion, vacate Lewis' sentence, and remand for resentencing.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the district court did not pronounce at Lewis' sentencing hearing some of the discretionary conditions of supervised release that were included in the written judgment. Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here with

2

respect to two discretionary conditions related to Lewis' finances. *Singletary*, 984 F.3d at 346.

Where, as here, the district court fails to include in its oral pronouncement at the sentencing hearing nonmandatory conditions of supervised release that it subsequently includes in the written judgment, "the remedy . . . is to vacate the sentence and remand for the district court to resentence [the defendant]." *Id.* at 346. Thus, we "need not and should not proceed further to reach" whether Lewis' appellate waiver bars his challenge to the court's Guidelines calculations. *Id.* at 344.

Accordingly, we deny the Government's motion, vacate Lewis' sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*