**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4381**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER RAYQUAZ SINGLETARY,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00097-D-1)

Argued: November 2, 2020                                     Decided: January 12, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion. Judge Harris wrote the opinion, in which Judge Diaz and Judge Thacker joined.

**ARGUED:** Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,

North Carolina, for Appellee.

———————

PAMELA HARRIS, Circuit Judge:

Christopher Rayquaz Singletary pleaded guilty to Hobbs Act robbery and to use of a firearm in the course of a crime of violence, and was sentenced to 13 years' imprisonment and five years' supervised release. On appeal, he raises several claims relating to the terms of his supervised release.

We need resolve only one of those claims today. Two of the conditions of supervised release that appear in Singletary's written judgment were not pronounced orally by the district court during his sentencing hearing. That means, under our recent decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), that Singletary never was sentenced to those conditions. For that reason alone, as in *Rogers*, we must vacate Singletary's sentence and remand for resentencing.

**I.**

In January of 2019, Singletary pleaded guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). His plea agreement contained a standard appeal waiver, in which he waived his right to appeal his sentence on all but the narrowest of grounds. Specifically, Singletary agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255,

3

excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

J.A. 87–88.

Singletary was sentenced on May 15, 2019, to a 13-year prison term and five years of supervised release. At the May 15 sentencing hearing – the point at which Singletary actually was sentenced, *see United States v. Rogers*, 961 F.3d 291, 300 (4th Cir. 2020) – the district court orally attached a series of conditions to Singletary's supervised release term, some of which were made mandatory by statute and some of which were not. Among the non-mandatory conditions were several special conditions for which the district court provided no explanation.[1]

The district court then issued its written judgment, which was entered on May 29, 2019. That judgment included the special conditions pronounced at sentencing, but again provided no explanation for their imposition. It also included two new non-mandatory conditions that had *not* been pronounced at sentencing, which we refer to here as the "financial conditions": first, that "[t]he defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office"; and second, that

---

[1] As we explained in *Rogers*, 18 U.S.C. § 3583(d) identifies certain "mandatory" conditions of supervised release that must be imposed in every case and also "discretionary" conditions that may be imposed only if the court finds that they are reasonable, based on an individualized assessment of the defendant under the relevant § 3553(a) sentencing factors, and consistent with Sentencing Commission policy statements. 961 F.3d at 297. The Sentencing Commission, for its part, has further subdivided "discretionary" conditions into "standard" conditions recommended for all terms of supervised release and "special" or "additional" conditions appropriate only in certain cases. *Id.* (internal quotation marks omitted); *see* U.S.S.G. § 5D1.3(c)–(e).

"[t]he defendant shall provide the probation office with access to any requested financial information." J.A. 82.

Singletary timely appealed from the judgment.

## II.

### A.

We begin by setting out the parties' positions in what has turned out to be a somewhat complicated appeal. The appeal began with an *Anders* brief filed by Singletary's counsel.[2] After reviewing the brief, the court ordered supplemental briefing on whether the district court failed to adequately explain the special conditions of supervised release it had imposed. And while that briefing was underway, the government also filed a separate motion to dismiss the appeal based on the appeal waiver in Singletary's plea agreement, and Singletary opposed that motion. Rather than discussing each of these several briefs individually, we summarize the parties' overall merits positions here, returning to the question of the appeal waiver below.

Across the briefing, Singletary raises three separate merits claims. First, he argues that the district court erred when it failed to explain its imposition of special conditions of

_____

[2] Under *Anders v. California*, 386 U.S. 738 (1967), "a lawyer who concludes that an appeal on behalf of his criminal defendant client would be wholly frivolous should advise the appellate court as such and request permission to withdraw from representation, but not before filing a brief referring to anything in the record that might arguably support the appeal." *United States v. Jones*, 914 F.3d 893, 897 n.3 (4th Cir. 2019) (internal quotation marks omitted).

supervised release, and why those conditions were appropriate in his individual case. *See, e.g.*, *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020) (holding that a district court must explain its decision to attach special conditions to a term of supervised release). Second, Singletary argues that because the district court did not orally pronounce the financial conditions, in particular, at his sentencing hearing, those conditions are not a part of his sentence at all under *Rogers*. *See* 961 F.3d at 295–99 (holding that district court must orally pronounce all non-mandatory conditions of supervised release at sentencing hearing). And finally, he argues that one of those financial conditions – barring him from incurring new credit charges without probation-officer approval – impermissibly delegates the court's sentencing authority to a probation officer. *See United States v. Shiraz*, 784 F. App'x 141, 143–44 (4th Cir. 2019) (per curiam) (setting out standard under which courts may delegate to probation officers "ministerial acts or support services" related to punishment but not the decision as to the "nature and extent" of the punishment (internal quotation marks omitted)).

The government, as noted above, has moved to dismiss this appeal, arguing that all of Singletary's claims fall within the scope of the appeal waiver in his plea agreement. But on the merits, it concedes Singletary's first two claims: It agrees that the district court erred by failing to explain the special conditions it imposed on Singletary's supervised release, and again under *Rogers* by including in its written judgment two conditions – the financial conditions – that were not pronounced at the sentencing hearing. It disagrees, however, with Singletary's third claim, arguing that the challenged financial condition permissibly delegates to the probation officer only the "ministerial" approval of particular charges. *See*

6

*United States v. Nash*, 438 F.3d 1302, 1306 (11th Cir. 2006) (upholding similar condition). So if we decline to dismiss this case based on the appeal waiver, the government suggests, then we should affirm the validity of the financial condition but remand for the district court to address the *Rogers* error.

## B.

In *Rogers*, we established that because a defendant has a right to be present when he is sentenced, a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing. 961 F.3d at 296–99. Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required. *Id.* at 295, 300–01.

That clear rule is enough to dispose of this case. We agree with Singletary that his *Rogers* claim – that he in fact never was sentenced to the financial conditions in his judgment – is not barred by his appeal waiver, which applies only to challenges to a sentence actually imposed on a defendant. And as the government concedes, there has been a *Rogers* error in this case. By itself, that error requires that we vacate Singletary's sentence and remand for the district court to conduct the sentencing anew. Given that disposition, we need not and should not proceed further to reach Singletary's additional arguments about his prior sentencing or the validity of a financial condition to which he never was sentenced.

1.

7

Arguments over the scope and enforceability of the appeal waiver in Singletary's plea agreement comprise much of the parties' briefing on appeal. Singletary argues that the government's motion to dismiss on the basis of the waiver should be denied for two reasons. First, according to Singletary, the motion is untimely, because it was filed more than a year after he noted his appeal and several months after his counsel submitted the *Anders* brief. And second, Singletary contends, the waiver in any event would not apply to his *Rogers* claim. The government, for its part, argues that its motion to dismiss was timely filed, emphasizing that although it did not invoke the plea waiver in its response to the *Anders* brief, it did expressly reserve the right to invoke that waiver in the future. And the government insists that Singletary's *Rogers* claim is indeed encompassed by his waiver of the right to appeal his sentence.

We need not decide the timeliness issue, because even assuming the government timely invoked the appeal waiver,[3] Singletary's *Rogers* claim falls outside its scope. What Singletary waived in his plea agreement was the right to appeal "the conviction and *whatever sentence is imposed.*" J.A. 87 (emphasis added). And the heart of a *Rogers* claim

---

[3] Neither party addresses the local rule of this court under which the timeliness of the government's invocation would be assessed. Adopted in October 2018 – relatively recently, but before the briefing on the government's motion to dismiss – Local Rule 27(f)(2) provides that "[m]otions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court or on other procedural grounds should be filed within the time allowed for the filing of the response brief." This court has yet to consider whether and how application of that rule might be affected by a purported reservation, by the government, of its right to invoke an appeal waiver at some later date.

8

is that discretionary conditions appearing for the first time in a written judgment in fact have *not* been "imposed" on the defendant. We said as much in *Rogers*, explaining that Rogers's was the "unusual sentencing appeal" that did not challenge the substantive or procedural reasonableness of his sentence, but instead made the "more elementary contention" that certain conditions in his written judgment were "not part of his sentence" at all. 961 F.3d at 295.

This is not a claim, in other words, that the district court erred in the process by which it sentenced Singletary to the financial conditions on his supervised release, or that those conditions cannot reasonably be applied to Singletary – matters that would be covered by the appeal waiver. Instead, if Singletary is right on the merits of his *Rogers* claim, then he has never been sentenced to those conditions at all. Like the Seventh Circuit, we think that brings Singletary's *Rogers* claim outside the scope of his promise not to appeal the "sentence" actually "imposed" upon him. *See United States v. Tancil*, 817 F. App'x 234, 236 (7th Cir. 2020) (unpublished) ("[T]his [inconsistent-judgment] appeal does not fall under the waiver. Tancil is not appealing the components of his sentence or the manner in which his sentence was determined or imposed.").

2.

That brings us to the merits of Singletary's *Rogers* claim, which are plain and uncontested by the government. To reiterate, under *Rogers*, in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court. *See* 961 F.3d at 296 ("[A]ll non-mandatory conditions of supervised release must be

9

announced at a defendant's sentencing hearing."). It is undisputed that the district court here did not expressly include the two financial conditions in its oral pronouncement at Singletary's sentencing hearing. And while a district court may incorporate by reference a condition or set of conditions during a hearing, *see id.* at 299, that also did not happen here: The court at sentencing referenced "standard" conditions, J.A. 73, but the "standard" conditions set out by the Sentencing Guidelines do not include the financial conditions at issue here. *See* U.S.S.G. § 5D1.3(c) (listing 13 "standard" conditions of supervised release). Thus, as in *Rogers*, "[w]e are left without any objective indication that at the time of sentencing – the time that counts, when the defendant is in the courtroom – the district court actually imposed" the financial conditions on Singletary's term of supervised release. 961 F.3d at 300.

Under *Rogers*, the remedy for this error is not, as Singletary suggests, simply to strike the financial conditions from the written judgment. Rather, as we held in *Rogers* and have reiterated since, it is to vacate the sentence and remand for the district court to resentence Singletary. *See id.* at 300–01; *see also United States v. Sings*, 816 F. App'x 850, 851–52 (4th Cir. 2020) (per curiam) (applying *Rogers* and vacating sentence where written judgment included non-mandatory conditions not pronounced at sentencing). We likewise do so here.[4] And that leaves us with no occasion to reach Singletary's other

---

[4] To the extent the government suggests that vacatur should be limited to the supervised release portion of Singletary's sentence, we disagree. *Rogers* drew no distinction between the defendant's supervised release sentence and his custodial sentence; instead, it simply vacated his entire sentence and remanded for resentencing. *See* 961 F.3d at 300–01. Although the parties do not squarely present the issue here, this appears to be

10

arguments. Even assuming, in other words, that the appeal waiver was unenforceable because it was not timely invoked, or that one or both of Singletary's other claims fell outside its scope – matters on which we express no view – there would be no reason for us to determine here the adequacy of the explanation for special conditions of Singletary's now-vacated supervised-release sentence, or the validity of a financial condition never imposed on Singletary.

3.

The government nevertheless urges us to decide now that the financial condition at issue – requiring a probation officer to approve credit charges – is not an improper delegation of sentencing authority. The premise for the government's invitation appears to be that our remand is a mere formality: We may assume that on remand, the district court simply will "harmonize" its oral pronouncement with the written judgment, imposing on Singletary the two financial conditions that it failed to announce at the first sentencing hearing. Appellee's Suppl. Br. 14. Because that premise misunderstands the fundamental nature of a *Rogers* error, we address it briefly here.

As we explained in *Rogers*, the requirement that a district court orally pronounce all non-mandatory conditions of supervised release is "not a meaningless formality," but a "critical 'part of the defendant's right to be present at sentencing.'" 961 F.3d at 300 (quoting *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc)). If a

---

the proper approach, given that "custodial and supervised release terms [are] components of one unified sentence." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).

condition is imposed in open court and in the defendant's presence, then the defendant will have the opportunity to object – an opportunity that is lost if a condition is imposed for the first time in a subsequent written judgment. *Id.* at 298. And that opportunity is critical, because it allows defendants to explain why particular discretionary conditions – which may not be imposed unless "an individualized assessment indicates that they are justified in light of the statutory factors" – are not sufficiently "tailored to their individual circumstances." *Id.* at 297, 300. The very point of *Rogers*, in other words, is that we may not simply assume that whether a defendant is present for his sentencing will make no difference to the sentencing court's supervised-release decisions.

Indeed, this case bears out that rationale. The financial condition subject to Singletary's impermissible delegation challenge, requiring probation-officer approval for all credit charges, is recommended by the Sentencing Guidelines only under specified conditions: when an installment plan for the payment of restitution or a fine has been imposed and the defendant is not in compliance with the payment schedule. *See* U.S.S.G. § 5D1.3(d)(2). But Singletary is not subject to any such installment plan. It is possible, of course, that the district court on remand nevertheless will impose that condition, finding it "tailored" to Singletary's circumstances for some non-Guidelines reason. *Rogers*, 961 F.3d at 300. But it is also possible that with Singletary in the courtroom and able to object, the district court will determine that the condition is not appropriate in Singletary's case.

In short, we must decline the government's request to take up Singletary's impermissible delegation claim on this appeal. As of now, Singletary has not been sentenced to the financial condition at issue, and there is no justification for assuming that

12

he will be on remand. Passing on the validity of that condition would come perilously close to a forbidden advisory opinion. *See United States v. Under Seal*, 853 F.3d 706, 722 (4th Cir. 2017). It also would deprive the district court – were it inclined to impose the condition on remand – of the first chance to decide the question, thereby overstepping our role as "a court of review, not first view." *See Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 243 (4th Cir. 2020).

## III.

For the reasons stated, we vacate Singletary's sentence and remand for proceedings consistent with this opinion.

*VACATED AND REMANDED*