**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4051**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

ANTHONY GABRIEL JOHNSON, a/k/a Duck, a/k/a Gotti,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00267-FL-1)

Submitted: February 25, 2021           Decided: March 10, 2021

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, David A. Bragdon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gabriel Johnson pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession of 100 grams or more of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Johnson to 212 months' imprisonment and a five-year term of supervised release. For the reasons that follow, we vacate Johnson's sentence and remand for resentencing.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the district court did not pronounce at Johnson's sentencing hearing several of the discretionary conditions of supervised release that were included in the written judgment. Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here. *Singletary*, 984 F.3d at 346. As several conditions of Johnson's supervised release were not orally pronounced at sentencing and "appear for the first time in a subsequent written judgment," Johnson "has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344.

We therefore vacate Johnson's sentence and remand for resentencing.[*] Because we vacate the sentence, we do not address at this juncture Johnson's challenge to the application of the career offender Sentencing Guidelines, which Johnson concedes is foreclosed by current law, and which he raised only to preserve it for later review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] On appeal, Johnson also argues that one discretionary supervised release condition concerning his ability to obtain new credit violated the district court's powers under Article III by impermissibly delegating a judicial function to the probation officer. "As of now, [Johnson] has not been sentenced to the [credit] condition at issue, and there is no justification for assuming that he will be on remand." *Id.* at 347. Accordingly, we express no opinion on the merits of this issue.