**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4398**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LEE MCKINNEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00375-D-1)

Submitted:  May 27, 2021                                    Decided:  June 8, 2021

Before GREGORY, Chief Judge, KING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee McKinney pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced McKinney to 78 months' imprisonment and a 3-year term of supervised release. On appeal, McKinney challenges the district court's calculation of the advisory Sentencing Guidelines range and the court's imposition of discretionary conditions of supervised release in the written judgment that were not orally pronounced at sentencing. For the reasons that follow, we vacate McKinney's sentence and remand for resentencing.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the district court did not pronounce at McKinney's sentencing hearing several of the discretionary conditions of supervised release that were included in the written judgment. Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here. *Singletary*, 984 F.3d at 346. As several conditions of McKinney's supervised release were not orally pronounced at sentencing and "appear for the first time in a subsequent written judgment," McKinney "has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344.

2

We therefore vacate McKinney's sentence and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because we vacate the sentence, we do not address at this juncture McKinney's remaining challenges to his sentence. *See Singletary*, 984 F.3d at 347 (vacating sentence for failure to pronounce discretionary conditions and declining to analyze any other challenges to the original sentence because "there [was] no justification for assuming" that court would impose the same sentence "on remand").