**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4734**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JACQUES ARIELLE KING, a/k/a Black,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-cr-00030-BO-1)

Submitted: March 31, 2021                       Decided: July 15, 2021

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Lynne Louise Reid, L. L. REID LAW, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacques Arielle King pled guilty to conspiracy to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C); distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced King to 240 months' imprisonment and 3 years of supervised release. On appeal, King filed a motion seeking leave to file supplemental briefing and contending that, in light of our decision in *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), the district court erred in failing to orally pronounce at King's sentencing the 17 discretionary conditions of supervised release included in the written judgment. For the reasons that follow, we vacate King's sentence and remand for resentencing.

We review de novo whether the district court's oral pronouncement of the sentence is consistent with the sentence imposed in the written judgment. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *Singletary*, 984 F.3d at 345; *see Rogers*, 961 F.3d at 296-98. We have reviewed the record and conclude that the district court did not pronounce at King's sentencing hearing the discretionary conditions of supervised release that were included in the written judgment. Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here. *Singletary*, 984 F.3d at 346. The appropriate remedy

2

when a district court fails to announce the discretionary conditions of supervised release is to vacate the sentence and remand for a full resentencing hearing.[*] *See id.* at 346 & n.4.

Accordingly, we vacate King's sentence and remand for resentencing. We deny King's motion for supplemental briefing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because we vacate the sentence, we do not address at this juncture King's remaining challenges to his sentence. *See id.* at 346-47 (declining to consider additional challenges to "now-vacated supervised-release sentence").