**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4042**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JUSTIN ERVIN PELLAK,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Richard E. Myers, II, Chief District Judge. (7:20-cr-00118-M-1)

Submitted: August 19, 2021          Decided: August 24, 2021

Before GREGORY, Chief Judge, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Ervin Pellak pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Pellak to a total term of 248 months' imprisonment, followed by 5 years of supervised release.

In announcing the conditions that would govern Pellak's term of supervised release, the district court stated that "after careful consideration of the provisions of [18 U.S.C. §] 3583(d) and the sentencing factors outlined in [18 U.S.C. §] 3553(a), the defendant shall comply with the mandatory and standard conditions of supervision as adopted in the Eastern District of North Carolina . . . ." (J.A. 104).[1] The written criminal judgment included two "additional standard conditions of supervision," which required that Pellak "not incur new credit charges or open additional lines of credit without approval of the probation office" and that he "provide the probation office with access to any requested financial information." (J.A. 12).

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

On appeal, Pellak argues that his sentence must be vacated because the district court did not pronounce the two financial "additional standard conditions of supervision" at sentencing. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in § 3583(d)." *Id.* at 300. However, as the Government emphasizes, a court may satisfy this obligation "through incorporation–by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299; *see United States v. Singletary*, 984 F.3d 341, 345-46 (4th Cir. 2021) (acknowledging incorporation but noting that sentencing court's reference to "standard conditions" did not include the same financial conditions challenged because the conditions were not included in the Sentencing Guidelines' standard conditions, which is not the case here).

Here, unlike in *Rogers* and *Singletary*, the district court announced that Pellak would be expected to comply with the "standard conditions of supervision as adopted in the Eastern District of North Carolina." At the time of Pellak's sentencing hearing in January 2021, the Eastern District of North Carolina had adopted a standing order establishing that "any reference in the pronouncement of a sentence to the 'Standard Conditions of Supervision as adopted in the Eastern District of North Carolina' shall be deemed to refer to and incorporate" certain conditions of supervised release, including:

> You must not incur new credit charges or open additional lines of credit without the approval of the probation officer. You must provide the probation officer with access to any requested financial information.

*In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020).[2] Thus, the district court "compl[ied] with the pronouncement requirement by expressly incorporating . . . a court-wide standing order that lists certain conditions of supervised release," and the "later-issued written judgment that detail[ed] those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Rogers*, 961 F.3d at 299.

Accordingly, we find that the district court did not err in including the two challenged financial conditions of supervised release in the written judgment. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] The Eastern District of North Carolina adopted a new standing order in May 2021, which supersedes 20-SO-8 and omits the two challenged conditions. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 21-SO-5 (E.D.N.C. May 6, 2021). However, at the time the district court imposed Pellak's sentence, it incorporated the then-operative standing order, including the two challenged conditions, by reference.