**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4222**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

NELSON ADIBE,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:18-cr-00339-RDB-1)

Submitted: September 9, 2021              Decided: September 14, 2021

Before MOTZ, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Brent E. Newton, Gaithersburg, Maryland, for Appellant. Zachary Byrne Stendig, Assistant United States Attorney, Annie Meredith McGuire, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Adibe appeals the 87-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846. On appeal, Adibe argues that that the sentencing court erred by failing to pronounce a discretionary condition of his supervised release and in significantly expanding in the written judgment some of the standard conditions that were orally pronounced. The Government, conceding that the sentencing court erred by failing to pronounce one of the discretionary conditions of supervised release, has moved to partially vacate Adibe's sentence and remand for limited resentencing. Adibe opposes the Government's motion, arguing that he is entitled to a full resentencing pursuant to this court's decisions in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *Rogers*, 961 F.3d at 296. As the parties agree, the district court's exclusion of one of the discretionary conditions from its oral pronouncement was error, as "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either directly or through express incorporation by reference. *Id.* at 296; *see id.* at 299-300. Contrary to the Government's request for a limited remand, we recently clarified that the appropriate

2

remedy for such *Rogers* error is to vacate the sentence and remand for a full resentencing.[*]
*See Singletary*, 984 F.3d at 346 & n.4.

Accordingly, we deny the Government's motion for a limited remand, vacate Adibe's sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Adibe also argues that, in the written judgment, the district court impermissibly expanded certain standard conditions that were orally pronounced. We need not determine at this juncture whether the district court's statements with respect to these conditions were sufficient to satisfy its pronouncement obligations under *Rogers*, as vacatur and resentencing are required in any event. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to "now-vacated supervised-release sentence").