**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4282**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTREAL HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-cr-00334-BO-2)

Submitted:  December 30, 2021                                    Decided:  January 13, 2022

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Matthew Nis Leerberg, Raleigh, North Carolina, Renee Sheyko, FOX ROTHSCHILD LLP, Denver, Colorado, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antreal Henderson appeals the 27-month sentence imposed following his guilty plea to conspiracy to commit bank fraud, and bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1344, 1349. Specifically, Henderson argues that the district court erred in failing to rule on his objection to the application of an enhancement under the Sentencing Guidelines based on the number of victims of the offense, in failing to adequately explain the chosen sentence, and in failing to sufficiently consider the 18 U.S.C. § 3553(a) factors in imposing the sentence. Henderson also asserts that the court failed to orally pronounce all discretionary conditions of supervised release that were included in the written judgment. The Government, conceding that the sentencing court erred by failing to pronounce all discretionary conditions of supervised release that were included in the written judgment, has moved to vacate Henderson's sentence and remand for resentencing pursuant to *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020) and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *Rogers*, 961 F.3d at 296. Here, the parties agree that the district court's failure to orally pronounce the discretionary conditions of supervised release was error, as "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either directly or through express incorporation by reference. *Id.* at 296, 299-300. We therefore agree that Henderson's sentence must be vacated and the case remanded for resentencing,

2

regardless of the appellate waiver included in his plea agreement. *See Singletary*, 984 F.3d at 344-46.

Henderson has requested that we reassign this case on remand to a different district court judge, but he has alleged no express bias by the sitting judge. Reassignment is only warranted in "unusual circumstances," none of which exist here. *United States v. North Carolina*, 180 F.3d 574, 582-83 (4th Cir. 1999) (internal quotation marks omitted). We have examined the record and found no express bias, nor have we seen any indication that the district court judge would jeopardize the appearance of justice or fundamental fairness of any continued proceedings in this case. *See United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010). Accordingly, we decline to reassign the case on remand.

We therefore affirm Henderson's convictions, deny the Government's motion to dismiss the appeal based on the appeal waiver, vacate Henderson's sentence, and grant the Government's motion to remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*