UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

No. 17-4626

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ARI DEMITRIUS EVERETT,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:16-cr-00318-BO-1)

_____

Submitted: February 28, 2022                    Decided: April 13, 2022

_____

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ari Demitrius Everett pled guilty, pursuant to a written plea agreement, to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The predicate crime of violence for the first count was attempted Hobbs Act robbery, while the predicate for the second count was Hobbs Act robbery. The district court sentenced Everett to 32 years' imprisonment and five years' supervised release. On appeal, Everett contends that his § 924(c) convictions must be vacated because the predicate offenses are not crimes of violence. He also challenges the district court's imposition of discretionary conditions of supervised release in the written judgment that were not announced at sentencing. For the reasons that follow, we affirm in part, vacate in part, and remand.

Because Everett did not argue in the district court that the predicate offenses for the § 924(c) charges did not qualify as crimes of violence, we review this claim for plain error. To succeed on plain error review, Everett "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). As to the second plain error prong, "[a]n error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). Even if Everett satisfies the three plain error requirements, "we possess discretion on whether to recognize the error" and will "not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

To establish that Everett violated § 924(c), the Government was required to prove that he brandished a firearm during and in relation to a predicate "crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii). In *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), we held that Hobbs Act robbery qualifies as a crime of violence under § 924(c). Accordingly, Everett's conviction for the § 924(c) charge that was predicated upon Hobbs Act robbery is sound. However, the predicate offense for Everett's other § 924(c) conviction was attempted Hobbs Act robbery, which is not a crime of violence. *United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 2882 (2021). We therefore conclude that this conviction is infirm, warranting its vacatur.

Turning to Everett's sentence, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the district court did not orally pronounce the discretionary conditions of supervised release listed in the written judgment. Accordingly, Everett "has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344.

We therefore affirm Everett's § 924(c) conviction predicated upon Hobbs Act robbery, vacate his § 924(c) conviction predicated upon attempted Hobbs Act robbery, remand for further proceedings consistent with this opinion, and deny as moot his motion for summary disposition. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
