**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4081**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTONIO BLAKE SPENCER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00092-FL-1)

_____

Submitted:  December 30, 2022                                Decided:  January 18, 2023

_____

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan Dubois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, David G. Beraka, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Blake Spencer appeals the 99-month sentence and three-year term of supervised release imposed following his guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Spencer argues that the district court erred by inadequately explaining its rationale for imposing two discretionary supervised release conditions. The Government has filed a motion to dismiss the appeal as barred by Spencer's waiver of the right to appeal included in the plea agreement. We grant the Government's motion to dismiss.[*]

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). "We review the validity of an appellate waiver *de novo*." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "A waiver is valid if

---

[*] In Spencer's response to the Government's motion to dismiss, he posits for the first time that the district court did not orally pronounce at sentencing these two discretionary conditions of supervised release, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). In its reply, the Government correctly notes that Spencer did not raise his *Rogers* argument in his opening brief. Typically, "contentions not raised in the argument section of the opening brief are abandoned." *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 249 (4th Cir. 2013) (cleaned up); *see also United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (recognizing that issue not raised in opening brief is waived). Although on rare occasion, we may choose to "overlook" this rule if "a miscarriage of justice would otherwise result," *Suarez-Valenzuela*, 714 F.3d at 249 (internal quotation marks omitted), we conclude that such circumstances are not present here and decline to consider Spencer's claim of *Rogers* error.

the defendant knowingly and intelligently agreed to waive the right to appeal." *Id*. (internal quotation marks omitted). "When a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Boutcher*, 998 F.3d at 608.

Spencer does not assert on appeal that the appellate waiver was not knowing or intelligent or that his agreement to the waiver was in any way involuntary. Our review of the plea hearing transcript confirms that Spencer was competent to plead guilty and that he understood the terms of the plea agreement, including the appellate waiver. Therefore, the waiver is valid and enforceable. Moreover, Spencer's challenge to the district court's explanation for imposing certain supervised release conditions falls within the waiver's scope. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (recognizing that claim "that the district court erred in the process by which it sentenced [a defendant] to the financial conditions on his supervised release . . . would be covered by the appeal waiver").

Accordingly, we grant the Government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3