**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4768

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DEVERE BATTLE, a/k/a Gotti,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:17-cr-00111-H-1)

Submitted: June 30, 2023                          Decided: July 25, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

**ON BRIEF:** W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant. Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Daniel Noah Lerman, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Appellate Chief, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Devere Battle appeals his convictions imposed following a jury trial on charges of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; two courts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951; four counts of aiding and abetting brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c); aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2, 2119; aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2, 2113; and two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Following his convictions, the district court sentenced Battle to 1,276 months' imprisonment. For the following reasons, we affirm Battle's convictions but vacate his sentence and remand for resentencing.

On appeal, Battle first argues that the district court abused its discretion and violated his rights under the Sixth Amendment's Confrontation Clause when it restricted him from asking two cooperating codefendants about the specific sentences they avoided or hoped to receive in exchange for their cooperation and about their anticipated Sentencing Guidelines ranges. We disagree.

"[A] defendant's right to cross-examine cooperating witnesses about sources of potential bias is guaranteed by the Confrontation Clause of the Constitution." *United States v. Cropp*, 127 F.3d 354, 358-59 (4th Cir. 1997). "We review for abuse of discretion a trial court's limitations on a defendant's cross-examination of a prosecution witness." *United States v. Ramos-Cruz*, 667 F.3d. 487, 500 (4th Cir. 2012) (internal quotation marks omitted). A district court abuses its discretion by basing its decision on clearly erroneous

2

findings of fact or by misapprehending the law. *United States v. Zayyad*, 741 F.3d 452, 458 (4th Cir. 2014). However, a district court has wide latitude in imposing limits on the cross-examination of a witness, and may impose such limits to avoid harassment, prejudice, confusion of the issues, repetition, or marginal relevance. *Id.* at 459.

"[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974). And "[a] witness'[] understanding of the potential penalties faced prior to entering into a plea agreement may demonstrate bias and prejudice, as well as the motive of the witness for testifying against the defendant and for the prosecution." *United States v. Turner*, 198 F.3d 425, 430 (4th Cir. 1999). But while a defendant may ask a cooperating witness whether he hopes to receive some benefit in exchange for his testimony, a district court may generally prohibit the defendant from asking questions about the "specific penalties" the witness avoided by pleading guilty, as well as questions about the "mechanics of the Guidelines" or specific Guidelines ranges. *Cropp*, 127 F.3d at 358-359; *see United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002) (holding that the "district court did not err in refusing to allow Scheetz's counsel to ask questions concerning Sentencing Guidelines ranges"). Here, the district court did not prevent Battle from asking the cooperating codefendants whether they expected to receive some benefit in exchange for their testimony, instead ruling only that Battle could not ask about specific sentences or delve into the mechanics of the Sentencing Guidelines. We therefore find that the district court did not violate Battle's right under the Confrontation Clause or otherwise abuse its discretion.

3

Battle next argues that the district court should have granted his motion for judgment of acquittal on the 18 U.S.C. § 924(c) charge arising from his participation in the June 15, 2016, robbery of a Quality Mart convenience store. Battle argues that there was insufficient evidence to show he aided and abetted the brandishing of a firearm during the robbery because there was no evidence showing he had advance knowledge his accomplices would be armed.

"We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we do not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

"To prove aiding and abetting under § 924(c), the [g]overnment must show 'that the defendant actively participated in the underlying . . . violent crime with *advance knowledge* that a confederate would use or carry a gun during the crime's commission.'" *United States v. Benson*, 957 F.3d 218, 237 (4th Cir. 2020) (quoting *Rosemond v. United States*, 572 U.S. 65, 67 (2014)). Advance knowledge can be proven through circumstantial

4

evidence. *Benson*, 957 F.3d at 238. The government sufficiently demonstrates advance knowledge when "there is evidence that a defendant extensively participated in the planning of a robbery of the type that would generally necessitate the use of firearms." *Id.*

Having reviewed the record, we conclude that the Government provided substantial evidence from which a reasonable jury could find Battle had advance knowledge that his accomplices would use a gun during the Quality Mart robbery. We therefore find that the district court did not err by denying Battle's motion for judgment of acquittal, and we affirm Battle's convictions.[*]

Finally, Battle argues—and the Government concedes—that the district court erred by failing to orally pronounce two of the conditions of supervised release listed in the written judgment. In *United States v. Rogers*, we held that a district court must pronounce, either expressly or "through incorporation," all discretionary conditions of supervised release at the sentencing hearing. 961 F.3d 291, 296-99 (4th Cir. 2020). Discretionary conditions of supervised release that appear for the first time in a written judgment are nullities; a defendant has not been sentenced to these conditions, warranting vacatur and a remand for resentencing. *United States v. Singletary*, 984 F.3d 341, 344, 346 n.4 (4th Cir.

---

[*] Battle also challenges two of his other § 924(c) convictions on double jeopardy grounds. He argues that these the two charges violate the Double Jeopardy Clause because the evidence shows the charges arose from a single criminal episode. As Battle concedes, however, his argument is foreclosed by our precedent, *see United States v. Jordan*, 952 F.3d 160, 170 (4th Cir. 2020); *see also United States v. Khan*, 461 F.3d 477, 493-94 (4th Cir. 2006); and we will not overrule a decision issued by another panel of this court, *see Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021).

2021) (citing *Rogers*, 961 F.3d at 295, 300-01).  We review de novo the consistency of a defendant's oral sentence with the written judgment.  *Rogers*, 961 F.3d at 296.

In the written judgment, the district court ordered that: (1) Battle shall not incur new credit charges or open additional lines of credit without approval of the probation officer; and (2) Battle shall provide the probation office with access to any requested financial information."  But the district court did not mention either of these at the sentencing hearing.  We therefore vacate Battle's sentence and remand for resentencing.  *See Singletary*, 984 F.3d at 346 n.4.  In light of our holding, we do not address Battle's remaining challenges to his sentence and the discretionary conditions of supervised release at this time.  *See id.* at 346-47.

Accordingly, we affirm Battle's convictions, vacate the sentence, and remand for resentencing.  We dispense with oral argument because the facts and legal conditions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*