**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4630**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS ALLEN SCOTLAND, a/k/a Vegas,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00049-FL-1)

---

Submitted:  August 31, 2023                    Decided:  September 6, 2023

---

Before NIEMEYER, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  David A. Brown, Sr., DABROWNLAW, LLC, Rock Hill, South Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Allen Scotland pleaded guilty, without a written plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and three counts of distribution of cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The district court originally sentenced Scotland to 162 months' imprisonment. On appeal, this court affirmed Scotland's convictions, vacated his sentence, and remanded for resentencing based on *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). *United States v. Scotland*, 852 F. App'x 754, 755-56 (4th Cir. 2021) (No. 19-4602). At resentencing, Scotland objected to his career offender designation on the basis that his North Carolina convictions pursuant to N.C. Gen. Stat. § 90-95(a)(1) did not qualify as controlled substance offenses under *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). The court found that the convictions did qualify as controlled substance offenses under U.S. Sentencing Guidelines Manual § 4B1.2 (2018) and resentenced Scotland to 151 months' imprisonment.

On appeal, Scotland again contends that, after *Campbell*, his prior North Carolina convictions are not controlled substance offenses under USSG § 4B1.2. "The Court considers de novo whether a prior conviction is a controlled substance offense under the Guidelines." *United States v. Miller*, 75 F.4th 215, 228-29 (4th Cir. 2023) (cleaned up). In *Miller*, we held that N.C. Gen. Stat. § 90-95(a) "is a categorical match" with the

2

definition of a controlled substance offense in the Guidelines.  *Id.* at 230-31.  Thus, the district court did not err in finding that Scotland's North Carolina convictions qualified as controlled substance offenses under USSG § 4B1.2.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*