**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4014

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JACQUES ARIELLE KING, a/k/a/ Black,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00030-BO-1)

Argued:  August 20, 2024                    Decided:  December 31, 2024

Before DIAZ, Chief Judge, QUATTLEBAUM, Circuit Judge, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:**  Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacques Arielle King pled guilty to federal drug charges. After his first sentencing and appeal, we vacated King's sentence because the district court committed procedural error in pronouncing the sentence. King was resentenced to 160 months' imprisonment and three years of supervised release. He again appeals, arguing his resentencing was procedurally unreasonable. For the reasons that follow, we vacate and remand for resentencing once more.

I.

In 2019, Appellant Jacques King pled guilty to conspiracy to distribute a quantity of heroin, 21 U.S.C. §§ 846, 841(b)(1)(C); distribution of a quantity of heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession with intent to distribute a quantity of heroin, *id.* A presentence report (PSR) was prepared and submitted to the district court before sentencing.

King filed three objections to the PSR, challenging: (1) the quantity of drugs attributed to King; (2) the sentence enhancement resulting from the determination that King's son, Jacquarius, was younger than 18 years old when King involved him in selling heroin, U.S.S.G. § 3B1.4; and (3) the sentence enhancement resulting from the determination that King was a manager or supervisor of at least five participants, *id.* § 3B1.1(b). King also requested a downward variance of between 63 and 78 months based on his traumatic childhood. *See* 18 U.S.C. § 3553(a).

2

The district court sentenced King to 240 months' imprisonment and three years of supervised release. King appealed, and we remanded for resentencing in light of *United States v. Rogers*, 961 F.3d 291, 296–300 (4th Cir. 2020) (holding sentencing court must orally pronounce all nonmandatory conditions of supervised release), and *United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021) (holding that *Rogers* error requires vacating and remanding for full resentencing hearing). *United States v. King*, 852 F. App'x 752, 752–53 (4th Cir. 2021).

At resentencing, the government requested the court again impose a 240-month sentence. King renewed his objections to the PSR and raised new factual arguments as to the drug quantity determination and role enhancement. Specifically, King challenged paragraph 16 of the PSR, which set out the quantity of drugs sold by Jacquarius and attributed to King. In doing so, King attacked the reliability of several witnesses' testimony based on further investigation his counsel had conducted after King's initial sentencing. The district court did not address King's arguments and continued resentencing to the next day. When proceedings resumed, the court engaged in a short colloquy with King but did not address his objections. The court then imposed a sentence of 160 months' imprisonment followed by three years of supervised release.

King timely appeals. He argues the district court erred in determining the drug quantity based on unreliable information from informants, imposing a sentence enhancement for managing and supervising five participants in the criminal activity, and failing to address his mitigating arguments or explain the 160-month sentence.

3

II.

When we review a criminal sentence, "[w]e must first 'ensure that the district court committed no significant procedural error.'" *United States v. Mitchell*, 78 F.4th 661, 667 (4th Cir. 2023) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  When the district court commits significant procedural error in sentencing a defendant, the proper remedy is to vacate the sentence and remand for resentencing.  *Id.*  Procedural errors include "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51).

It is "critical" that the district court make an "'individualized assessment' based on the particular facts of the case before it" when sentencing a criminal defendant because "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Mitchell*, 78 F.4th at 667 (quoting *Carter*, 564 F.3d at 329–30).  "In assessing whether the district court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *Id.*  However, the clearly erroneous standard does not apply if the district court "fails to explain its rationale." *Id.*

The government concedes that the district court did not rule on King's renewed objections or adopt its previous factual findings at resentencing.  Supp. Resp. Br. at 9. Nonetheless, it argues we should review King's sentence for clear error, and further that any error was harmless because we "already know[] from the 2019 sentencing hearing how the district court would rule on the objections, and those rulings were supported by the PSR and [investigator] testimony." *Id.* at 2.

4

When we remand due to *Rogers* error—as we did in King's first appeal—the district court must conduct a complete resentencing. *See Singletary*, 984 F.3d at 346 & n.4 (declining to limit sentence vacatur to portion affected by *Rogers* error). But when it resentenced King, the district court did not rule on the renewed objections, indicate it was adopting the PSR or prior investigator testimony, or explain its revised sentence. Without these findings, simply put, "there is nothing for us to review" in this case. *United States v. Evans*, 90 F.4th 257, 263 (4th Cir. 2024); *see also United States v. Wilkinson*, 590 F.3d 259, 269–70 (4th Cir. 2010) (district court's failure to explain its reasoning made finding "totally incapable of meaningful appellate review").

We also decline to rely upon the PSR and the investigator's testimony the district court adopted at King's initial sentencing. As explained, the district court neither adopted the PSR nor this prior testimony at the resentencing at issue here. King raised specific arguments challenging the quantity of drugs attributed to him and the veracity of evidence supporting other defendants' proffers. King also asserted that interviews with informants showed that the managerial or supervisory role enhancement was not supported by the evidence. These are fact-intensive determinations, and we will leave them to the district court to resolve on remand. *See Mitchell*, 78 F.4th at 673 (declining to review sentence enhancement when district court made no findings in support and enhancement is not "so obvious" from the record).

The district court failed to resolve factual disputes raised by King or explain the revised sentence it imposed. That was significant procedural error. Therefore, we must vacate King's sentence and remand for resentencing.

5

III.

For the foregoing reasons, we vacate King's sentence and remand for a full resentencing consistent with this opinion.

*VACATED AND REMANDED*