**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4304**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH EARL MOORE, a/k/a Miami,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (4:19-cr-00033-BO-1)

Submitted:  September 30, 2021            Decided:  November 3, 2021

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earl Moore appeals the district court's judgment after pleading guilty to two counts of Hobbs Act robbery. The district court determined his Guidelines range was 151 to 188 months and sentenced him below the range to 96 months in prison and three years of supervised release. On appeal, Moore's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court should have imposed a sentence of probation. Moore was notified of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based on Moore's appeal waiver.

If counsel finds his client's appeal to be "wholly frivolous," he must file a "brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967); *United States v. Singletary*, 984 F.3d 341, 343 n.2 (4th Cir. 2021). After the defendant has an opportunity to raise any points that he chooses, we must "conduct a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *United States v. Seignious*, 757 F.3d 155, 157 (4th Cir. 2014) (internal quotation marks and citations omitted). Upon our review pursuant to *Anders*, we conclude that there is a meritorious issue that falls outside the scope of Moore's appeal waiver and requires us to vacate his sentence and remand for resentencing. Because we will not reach Moore's appeal issue regardless of whether we enforce his appeal waiver, we deny the Government's motion to dismiss the appeal. *See Singletary*, 984 F.3d at 345-46.

In *United States v. Rogers*, we concluded that to protect a defendant's right to be present when he is sentenced, "all non-mandatory conditions of supervised release must be

announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (citations omitted). "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344 (citing *Rogers*, 961 F.3d at 295, 300-01).

"If a condition is imposed in open court and in the defendant's presence, then the defendant will have the opportunity to object—an opportunity that is lost if a condition is imposed for the first time in a subsequent written judgment." *Id*. at 346. "And that opportunity is critical, because it allows defendants to explain why particular discretionary conditions—which may not be imposed unless 'an individualized assessment indicates that they are justified in light of the statutory factors'—are not sufficiently 'tailored to their individual circumstances.'" *Id*. at 346-47 (quoting *Rogers*, 961 F.3d at 297, 300).

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed," "then a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Id*. (citations omitted).

"Express incorporation" is not only "a critical 'part of the defendant's right to be present at sentencing" but "also provides us, as a reviewing court, with the crucial objective indication that a district court has undertaken the necessary individualized assessment and

3

made a considered determination, at the time of sentencing, that an identifiable set of discretionary conditions should be imposed on a defendant's supervised release." *Id.* at 300. "[W]e review the consistency of [a defendant's] oral sentence and the written judgment de novo, 'comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.'" *Id*. at 296.

The district court in this case did not orally pronounce any of Moore's conditions of supervised release at his sentencing hearing. Even assuming, without deciding, that the court's pronouncement that Moore would remain on his conditions of pretrial release until he self-reported to the Bureau of Prisons would constitute an express incorporation of an identifiable list of discretionary conditions, there are discretionary conditions in his written judgment that were not included in the order setting his conditions of pretrial release.

In accordance with *Anders*, we have reviewed the entire record and have found one meritorious ground for appeal. We therefore deny the Government's motion to dismiss the appeal, affirm the conviction, vacate Moore's sentence, and remand for resentencing.

This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*