UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4686

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELRICO JAJUAN TORRENCE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:19-cr-00097-CCE-1)

Submitted: December 29, 2021                    Decided: February 9, 2022

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, Craig Matthew Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elrico JaJuan Torrence was convicted of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Torrence to 115 months' imprisonment and a 3-year term of supervised release. On appeal, Torrence's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed an unreasonable sentence. The Government declined to file a response brief. Torrence has filed two pro se supplemental briefs, arguing that his conviction is invalid and asserting that his counsel rendered ineffective assistance. For the reasons that follow, we affirm Torrence's conviction, vacate his sentence, and remand for resentencing and to correct a clerical error in the judgment.[1]

We first consider the challenges Torrence raises in his pro se briefs. After the jury convicted Torrence, but before the district court sentenced him, the Supreme Court held that, to convict a defendant under § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Torrence argues that his conviction must be vacated based on *Rehaif* because the district court did not include the knowledge-of-status element in the jury instructions. However, at his sentencing hearing, Torrence knowingly and voluntarily waived his right to pursue relief under *Rehaif*,

---

[1] A jury convicted Torrence, but the judgment indicates that Torrence pled guilty. We therefore remand the case so that the district court may amend the judgment to reflect that Torrence was found guilty after a plea of not guilty. *See* Fed. R. Crim. P. 36.

thereby rendering the issue unreviewable on appeal. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) ("A waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)). Neither is Torrence's claim of ineffective assistance of counsel cognizable on appeal, as counsel's ineffectiveness does not appear on the face of the record. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

Turning to Torrence's sentence, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the district court did not pronounce at Torrence's sentencing hearing the standard conditions of supervised release that were included in the written judgment.[2] Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here. *Singletary*, 984 F.3d at 346. As the standard conditions were not orally pronounced at sentencing and "appear for the first time in a subsequent written judgment," Torrence "has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344.

---

[2] The district court did not have the benefit of our decisions in *Rogers* and *Singletary* when it sentenced Torrence.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal.[3] We therefore affirm Torrence's conviction, vacate his sentence, and remand for resentencing and to correct a clerical error. This court requires that counsel inform Torrence, in writing, of the right to petition the Supreme Court of the United States for further review. If Torrence requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torrence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[3] Because the sentence was not properly imposed, we do not address at this juncture any other potential issues related to Torrence's sentence. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).