**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 19-4907**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ROSALIO CALDERON,

          Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  David A. Faber, Senior District Judge.  (7:12-cr-00037-FA-3)

—————————

Submitted:  January 31, 2022                    Decided:  March 28, 2022

—————————

Before WILKINSON, KING, and DIAZ, Circuit Judges.

—————————

Vacated in part and affirmed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:** Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosalio Calderon pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; use of a firearm in a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(B)(i); conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; kidnapping resulting in death, in violation of 18 U.S.C. §§ 2, 1201(a); and kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a). The district court sentenced Calderon to life imprisonment plus 120 months. On appeal, we vacated Calderon's § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), affirmed the remainder of his convictions, and remanded for resentencing. *United States v. Calderon*, 774 F. App'x 805, 805-06 (4th Cir. 2019) (No. 15-4420). On remand, the district court sentenced Calderon to a total term of life imprisonment and a five-year term of supervised release.

Following resentencing, Calderon appeals. Calderon's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asserting that the life sentence violates Calderon's Eighth Amendment right to be spared from cruel and unusual punishment. Calderon was notified of his right to file a pro se supplemental brief but has not done so. The Government moved to dismiss Calderon's appeal based on the appeal waiver contained in the plea agreement. After a review of the record pursuant to *Anders*, we deferred ruling on the Government's motion to dismiss and directed the parties to file supplemental briefs in light of our decisions in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

2

Calderon filed a supplemental brief, arguing that he is entitled to further resentencing because the district court erred in imposing discretionary conditions of supervised release. Specifically, Calderon contends that the district court did not adequately explain its reasons for imposing standard supervised release conditions and did not announce two financial-related conditions at the resentencing hearing. The Government filed a motion to remand for further resentencing, conceding that the district court erred under *Rogers* and *Singletary* with respect to the financial-related conditions. In these circumstances, we vacate the discretionary conditions of supervised release. Given Calderon's mandatory life sentence, however, we deny the Government's motion to remand for further resentencing. We note that, in the event that Calderon is released from prison, the Government will be free to seek the imposition of any discretionary conditions of supervised release it believes to be warranted.

Accordingly, we deny the Government's motion to dismiss, vacate the discretionary conditions of supervised release, deny the Government's motion to remand, reject Calderon's Eighth Amendment claim, and affirm the remainder of Calderon's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED IN PART*
*AND AFFIRMED IN PART*

3