**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4944**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSE LUIS TORRALBA-AMADOR, a/k/a Jose Amador-Hernandez,

               Defendant - Appellant.

**No. 19-4945**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSE LUIS TORRALBA-AMADOR, a/k/a Jose Anador-Torralba, a/k/a Jose Torralba-Anador, a/k/a Jose Luis Torralba-Anador,

               Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:19-cr-00015-FL-1; 7:19-cr-00053-FL-1)

Submitted: February 24, 2022               Decided: March 29, 2022

Before KING and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

No. 19-4944, vacated and remanded; No. 19-4945, dismissed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Torralba-Amador pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). The district court sentenced Torralba-Amador to 46 months' imprisonment and imposed a concurrent sentence of 18 months' imprisonment for a violation of the conditions of his prior term of supervised release. In these consolidated appeals, Torralba-Amador challenges the propriety of each sentence.

In No. 19-4944, the Government moves, unopposed, to vacate Torralba-Amador's criminal sentence and remand the case for resentencing because the district court failed to orally pronounce several discretionary conditions of supervised release. "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and agree that the district court did not pronounce at Torralba-Amador's sentencing hearing several of the discretionary conditions of supervised release that were included in the written judgment.[*] Further, "while a district court may incorporate by reference a condition or set of conditions during a hearing," that did not occur here. *Singletary*, 984 F.3d at 346. Because several non-mandatory conditions of Torralba-Amador's supervised release were not orally pronounced at sentencing and "appear for the first time in a

---

[*] The district court did not have the benefit of our decisions in *Singletary* and *Rogers* when it entered judgment in this case.

3

subsequent written judgment," he "has not been sentenced to those conditions, and a remand for resentencing is required." *Id.* at 344. We therefore grant the Government's motion, vacate Torralba-Amador's sentence, and remand for resentencing.

In No. 19-4945, the Government moves, unopposed, to deconsolidate these appeals and dismiss Torralba-Amador's appeal of his revocation sentence because the appeal is moot. We agree that the appeal is moot, grant the Government's motion to deconsolidate and dismiss, and dismiss as moot the appeal of the revocation sentence.

The mandate in No. 19-4944 shall issue forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 19-4944, *VACATED AND REMANDED;*
No. 19-4945, *DISMISSED*

4