**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-4787

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIAN ROBERT GUTHARY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00160-FL-1)

_____

Submitted:  April 25, 2022                                    Decided:  August 5, 2022

_____

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and KEENAN, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damian Robert Guthary pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Guthary to 70 months' imprisonment. Guthary appeals, arguing that his guilty plea was not knowing and voluntary and that the district court erred in imposing discretionary conditions of supervised release that it did not announce at the sentencing hearing. We affirm Guthary's conviction, vacate his sentence, and remand for resentencing.

Guthary contends that his plea was not knowing and voluntary because the district court failed to advise him that the Government had to prove that he knew he was a felon in order to sustain a conviction under § 922(g). Because Guthary did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Guthary "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). Even if Guthary makes this showing, we will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Henderson v. United States*, 568 U.S. 266, 272 (2013) (cleaned up).

"Before accepting a guilty plea, a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is

2

offered." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(G). After Guthary pleaded guilty but before sentencing, the Supreme Court held that, in § 922(g) cases, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

In conducting the Fed. R. Crim. P. 11 colloquy, the district court failed to fully advise Guthary of the elements of the § 922(g)(1) charge, because it did not advise him that the Government had to prove that he knew he was a felon when he possessed the firearm. Thus, the district court committed *Rehaif* error. However, to obtain relief for this *Rehaif* error, Guthary "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer v. United States*, 141 S. Ct 2090, 2097 (2021); *see also id.* at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

Guthary attempts to make this showing by arguing that he served only probationary sentences for his felony convictions and he did not realize that he was a felon. But as the Supreme Court explained in *Greer*:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.

3

*Id.* at 2097 (cleaned up).

Guthary sustained multiple adult felony convictions in North Carolina prior to committing his § 922(g) offense. He signed the North Carolina Transcript of Plea for these convictions, which stated that the maximum sentence for each of these convictions exceeded one year in prison. Guthary was sentenced for all of these state convictions at one sentencing hearing, receiving consecutive 6- to 17-month suspended sentences for each one.

Guthary claims that, because he served no active time, he believed he only received probationary sentences and hence was ignorant of his felon status at the time he possessed the firearm. A defendant who was previously convicted of a crime punishable by more than a year's imprisonment but who "was sentenced to a term less than a year or to probation . . . may not have been aware of what punishments were *permitted* for his prior conviction, and thus that he was considered a felon under § 922(g)." *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021). However, that was not the case here. Although his active state prison terms were suspended, Guthary received multiple sentences exceeding one year—albeit sentences that were imposed on the same day. Notably, the state Transcript of Plea Guthary signed provided that the maximum prison sentence for each of his state convictions exceeded one year. Furthermore, Guthary did not dispute the validity of his felony convictions. Rather, he agreed in his plea agreement and admitted at the plea hearing that, at the time he possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. We conclude that there is not a reasonable probability that, but for the court's failure to fully advise Guthary of the mens

4

rea element of § 922(g), the outcome of the district court proceeding would have been different. *See Greer*, 141 S. Ct. at 2097-98, 2100.

Turning to Guthary's sentencing challenge, the parties rightfully assert that the district court erred in imposing discretionary conditions of supervised release in the written judgment that it did not announce at the sentencing hearing. We review de novo whether the sentence imposed in the written judgment matches the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). In *Rogers*, we vacated the defendant's sentence and remanded to the district court based on the court's failure to orally announce the standard, but discretionary, conditions of supervision included in the written judgment. 961 F.3d at 296-301. We explained that "the requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing." *Id.* at 300 (internal quotation marks omitted). Although the district court did not have the benefit of *Rogers* at the time of sentencing, this error requires that the district court conduct a resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346-47 & n.4 (4th Cir. 2021).

Therefore, we affirm Guthary's conviction, vacate his sentence, and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are

---

[*] Because Guthary is represented by counsel who has filed merits briefs in this appeal, we deny his motion to file a pro se supplemental brief. *See United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal.").

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*