**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4037

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WELDON MOTIC JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:20-cr-00020-M-1)

Submitted:  September 21, 2022                      Decided:  January 3, 2023

Before AGEE and HARRIS, Circuit Judges, and Lydia K. GRIGGSBY, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Weldon Motic Jackson pleaded guilty to drug and firearm offenses and was sentenced to a prison term and a three-year term of supervised release. He now appeals two discretionary conditions of his supervised release, arguing that the district court failed to orally pronounce those conditions at sentencing as required by *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). We disagree. The district court clearly incorporated by reference the conditions in question, as permitted by our precedents. Accordingly, we affirm Jackson's sentence.

## I.

On June 25, 2020, the United States District Court for the Eastern District of North Carolina adopted Standing Order 20-SO-8 ("the Standing Order"), which remained in effect at all relevant times.[1] The Standing Order enumerated 15 "standard" discretionary conditions of supervised release. Among them were the two "financial conditions" at issue in this appeal: "You must not incur new credit charges or open additional lines of credit without the approval of the probation officer," and "You must provide the probation officer with access to any requested financial information." J.A. 92. The Standing Order further specified that unless otherwise indicated by the sentencing judge, "any reference in the pronouncement of a sentence to the 'Standard Conditions of Supervision as adopted in the

_____

[1] The June 2020 Standing Order has since been replaced with a new standing order.

2

Eastern District of North Carolina' shall be deemed to refer to and incorporate" the Standing Order and its listed conditions. J.A. 89.

Weldon Motic Jackson pleaded guilty to possession with intent to distribute heroin, crack cocaine, and marijuana, and to being a felon in possession of a firearm. He was sentenced in the Eastern District of North Carolina on January 26, 2021, seven months after the Standing Order was issued. At that hearing, the district court sentenced Jackson to 154 months' imprisonment followed by three years of supervised release. As to the conditions of supervised release, the district court announced the following:

> Further, after careful consideration of the provisions of Title 18 United States Code Section 3583(d) and the sentencing factors outlined in Title 18 United States Code Section 3553(a), the defendant shall comply with the mandatory and standard conditions of supervision as adopted in the Eastern District of North Carolina . . . .

J.A. 72. The court went on to discuss certain specific conditions but did not otherwise address the two financial conditions now at issue.

Those conditions did appear, however, in the written judgment later issued by the district court. That judgment included all 15 "standard" conditions from the Standing Order. As relevant here, the written judgment stated, "The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office," and "The defendant shall provide the probation office with access to any requested financial information," J.A. 82 – conditions substantively identical to the fourteenth and fifteenth conditions in the Standing Order.

3

Jackson timely appealed his sentence on the ground that the district court failed to orally pronounce the two financial conditions that later appeared in the judgment, which constituted an error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).[2]

## II.

In *Rogers*, we held that because a defendant has the right to be present for sentencing, a district court must orally announce during sentencing all discretionary conditions of supervised release. 961 F.3d at 296–97. If a discretionary condition appears for the first time in a written judgment after the sentencing hearing, it is a "nullit[y] and necessitat[es] a remand for resentencing." *Id.* at 295; *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

At the same time, we made clear that a district court may satisfy its obligation to orally announce discretionary conditions in ways other than specifying each individual condition at sentencing. *Rogers*, 961 F.3d at 299. Instead, "a district court may incorporate by reference a condition or set of conditions," *Singletary*, 984 F.3d at 346, including "a court-wide standing order that lists certain conditions of supervised release," *Rogers*, 961 F.3d at 299. "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . a later-issued written judgment that details

---

[2] The government moved to dismiss Jackson's appeal as barred by the appeal waiver in his plea agreement. In *United States v. Singletary*, however, we held that a valid appeal waiver does not preclude a *Rogers* claim. 984 F.3d 341, 344 (4th Cir. 2021). We therefore denied the motion to dismiss.

those conditions may be construed fairly as a clarification" of the earlier oral pronouncement. *Id.* (internal quotation marks omitted).

That is precisely what happened here. The district court announced that the conditions it was imposing included the "standard conditions of supervision as adopted in the Eastern District of North Carolina," J.A. 72, pointing directly to the district's Standing Order. It used exactly the language the Standing Order prescribes for incorporation by reference. *See* J.A. 89 ("[A]ny reference in the pronouncement of a sentence to the 'Standard Conditions of Supervision as adopted in the Eastern District of North Carolina' shall be deemed to refer to and incorporate [the Standing Order]."). And even assuming, for the sake of argument, some ambiguity as to the contours of the oral sentence, the written judgment would have clarified it, *see Rogers*, 961 F.3d at 299, because the list of discretionary conditions in the judgment mirrors the standard discretionary conditions from the Standing Order. *Compare* J.A. 81–82 (judgment), *with* J.A. 90–92 (Standing Order).

In short, the district court complied with *Rogers* when it clearly and specifically incorporated by reference the Standing Order's standard discretionary conditions, among them the two financial conditions Jackson challenges on appeal. It follows that the district court did not err when it included those two conditions of supervised release in its later-issued written judgment.[3]

---

[3] Given this holding, we need not address the parties' debate about the proper standard of review for Jackson's claim. Whether our review is de novo or only for plain error makes no difference; there is no *Rogers* error in this case, plain or otherwise.

## III.

For the reasons given above, the judgment of the district court is affirmed.

*AFFIRMED*