**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4548

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON BEVERLY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:21-cr-00260-1)

Submitted: May 18, 2023                          Decided: June 14, 2023

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. Jennifer Rada Herrald, Assistant United States Attorney, Charleston, West Virginia, Kathleen Elizabeth Robeson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brandon Beverly of aiding and abetting the destruction of an energy facility, in violation of 18 U.S.C. §§ 2, 1366(b). The district court sentenced Beverly to 24 months' imprisonment, to be followed by three years of supervised release. On appeal, Beverly's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Beverly's sentence is substantively unreasonable. Beverly has not filed a pro se supplemental brief. Upon our review, we conclude that a discrepancy in the written judgment requires a resentencing hearing. Thus, while we affirm Beverly's conviction, we vacate his sentence and remand for resentencing.

We review de novo whether the sentence imposed in the written judgment matches the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). In *Rogers*, we vacated the defendant's sentence and remanded to the district court based on the court's failure to orally announce the standard, but discretionary, conditions of supervision included in the written judgment. *Id.* at 296-301. We explained that "the requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing." *Id.* at 300 (internal quotation marks omitted). "[A] district court may satisfy [this] obligation . . . through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299.

2

When reviewing the conditions of supervised release at Beverly's sentencing hearing, the district court referred to the presentence report (PSR) and summarized the standard conditions listed in the PSR and required by a local rule. The court then reviewed the proposed special conditions of supervision recommended by the probation officer. One condition proposed by the probation officer prohibited Beverly from using or possessing alcohol. At the sentencing hearing, the district clarified that this prohibition was limited to using or possessing alcohol to excess. However, the written judgment matched the conditions in the PSR and did not clarify that Beverly was only prohibited from possessing or using alcohol to excess.

We have recognized that the lack of a "match" between written and orally articulated discretionary conditions of supervision "is reversible *Rogers* error." *United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *2 (4th Cir. Jan. 12, 2022). And "t[h]e remedy for a *Rogers* error 'is to vacate the sentence and remand for the district court to resentence' the defendant anew." *Id.* (quoting *United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021)). Because the *Rogers* error alone requires us to vacate Beverly's sentence, we do not address counsel's argument that the term of imprisonment imposed by the district court was substantively unreasonable. *See Singletary*, 984 F.3d at 344.

In accordance with *Anders*, we have reviewed the entire record in this case, and have found no other meritorious issues for appeal. Accordingly, we affirm Beverly's conviction but vacate his sentence and remand for resentencing. This court requires that counsel inform Beverly, in writing, of the right to petition the Supreme Court of the United States for further review. If Beverly requests that a petition be filed, but counsel believes

3

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Beverly. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*