**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4626**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASMINE BARNES,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00193-FL-1)

─────────────

Submitted:  August 24, 2023                  Decided:  August 28, 2023

─────────────

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF**: Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jasmine Barnes pled guilty, pursuant to a written plea agreement, to distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of a quantity of cocaine base (crack) and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to a total term of 144 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Barnes was properly classified as a career offender. Barnes was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Barnes' appeal pursuant to the appellate waiver in his plea agreement. For the reasons that follow, we affirm the convictions, vacate Barnes' sentence and remand for resentencing, and deny as moot the Government's motion to dismiss.

Upon review of the record, we conclude that Barnes' guilty plea was knowing, voluntary, and supported by a sufficient factual basis and that he knowingly and voluntarily waived his right to appeal. However, in accordance with our review under *Anders*, we have found a meritorious issue that falls outside the scope of Barnes' appeal waiver and requires us to vacate and remand for resentencing.* Specifically, some of the non-

---

* Because we vacate Barnes' sentence, we do not consider any other issues related to the sentence, including his claim that he was improperly classified as a career offender. *See United States v. Singletary*, 984 F.3d 341, 346-47 (4th Cir. 2021) (declining to consider additional challenges to original sentence).

2

mandatory conditions of supervised release included in the written criminal judgment were not orally pronounced at sentencing.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). While a district court need not orally pronounce all mandatory conditions at the sentencing hearing, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either by separately announcing each discretionary condition or by "expressly incorporating a written list of proposed conditions." *Id*. at 296, 299.

In pronouncing the terms of Barnes' supervised release at sentencing, the district court did not orally impose all of the standard conditions of supervised release. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." 984 F.3d at 345 (emphasis omitted). Where, as here, the court fails to announce non-mandatory conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing. *Id*. at 346 & n.4.

In accordance with *Anders*, we have reviewed the entire record in this case, and we have found no other meritorious issues for appeal outside the scope of the waiver. Accordingly, we affirm Barnes' convictions, vacate his sentence, and remand for resentencing. We deny as moot the Government's motion to dismiss.

3

This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*