**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4217

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:11-cr-00231-HEH-RCY-1)

Submitted: November 21, 2023                    Decided: December 28, 2023

Before WYNN, Circuit Judge, and MOTZ and FLOYD, Senior Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Jones appeals the 240-month sentence imposed on resentencing following his guilty plea to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). On appeal, Jones asks us to vacate his sentence and remand for resentencing due to inconsistencies between several discretionary conditions of supervised release that the district court pronounced at sentencing and those contained in the written judgment. The Government concedes the conditions are inconsistent but argues that, for various reasons, a full resentencing is unnecessary.

"[W]e review the consistency of the defendant's oral sentence and the written judgment de novo." *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up). A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *see also United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). This requirement "is a critical part of the defendant's right to be present at sentencing," *Rogers*, 961 F.3d at 300 (internal quotation marks omitted), and ensures the defendant has an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. An unexplained inconsistency between the orally pronounced and written versions of a discretionary supervised release condition can amount to *Rogers* error. *See Cisson*, 33 F.4th at 193-94.

The usual remedy for a *Rogers* error is to vacate the sentence and remand for a full resentencing. *See Singletary*, 984 F.3d at 346 & n.4. As the Government emphasizes, in some recent unpublished cases we have determined the appropriate remedy for an

2

inconsistency was to remand for the limited purpose of conforming the written judgment to the oral pronouncement of the relevant condition. *See, e.g.*, *United States v. Locklear*, No. 21-4161, 2023 WL 2300394, at *2 (4th Cir. Mar. 1, 2023). However, those have been cases where the district court's intention was "clear[]" from the record. *Id.* In contrast, we have remanded for a full resentencing when "the record [was] ambiguous as to the district court's true intention" regarding an inconsistent discretionary condition. *United States v. Upchurch*, No. 21-4674, 2023 WL 4948011, at *2 (4th Cir. Aug. 3, 2023) (internal quotation marks omitted).

Here, the district court's intention as to the challenged conditions is unclear from the record. And we find unpersuasive the Government's other arguments as to why resentencing is unnecessary. *See Singletary*, 984 F.3d at 345-47 & 346 n.4. Accordingly, the usual remedy for a *Rogers* error is appropriate in this case. We therefore vacate Jones' sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*