**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4106

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAWN TYRIQ PERKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cr-00114-MSN-1)

Submitted:  September 30, 2024                                   Decided:  October 11, 2024

Before NIEMEYER and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mark Bodner, Fairfax, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, John C. Blanchard, Jacqueline R. Bechara, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Tyriq Perkins was convicted, following a jury trial, of four counts of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a); four counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and three counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Perkins challenges the district court's denial of his motion to suppress based on an allegedly defective search warrant and the court's imposition, at sentencing, of a special condition of supervised release requiring that he participate in mental health treatment. We affirm.

In early 2022, following a tip from a confidential informant, law enforcement officers began investigating Perkins in connection with several robberies in Northern Virginia. They secured a search warrant requiring Facebook to disclose for 30 days and on an ongoing basis the real-time physical location data associated with Perkins' Facebook account. The Facebook warrant led law enforcement officers to Perkins' residence on Audubon Avenue in Alexandria, Virgina, where, pursuant to a second search warrant, they found evidence connecting Perkins to the robberies. Following indictment, Perkins moved to suppress evidence from the Facebook and Audubon search warrants, arguing that the Facebook warrant was overbroad and had led directly to the discovery of the evidence at Audubon Avenue. The district court held a suppression hearing and denied Perkins' motion, finding that the warrants were not overbroad and were supported by probable cause.

2

Perkins was subsequently convicted, following a jury trial, of the above-noted charges, and the district court sentenced him to 336 months' imprisonment plus one day. The court also pronounced, as a special condition of his supervised release, that Perkins would "be subject to drug testing and treatment and mental health treatment and counseling as directed by [the United States Probation Office ("Probation")] if [Probation] deem[s] it to be necessary." (J.A. 894).* A written judgment followed, which contained several special conditions of supervision. Special Condition 4 stated that Perkins "shall participate in a [substance abuse] program approved by [Probation]" if he tests positive for controlled substances or shows signs of alcohol abuse. (J.A. 901). Special Condition 5 stated that Perkins "shall participate in a program approved by [Probation] for mental health treatment." (J.A. 901).

## I.

Perkins first challenges the district court's denial of his motion to suppress, arguing that the Facebook warrant was overbroad, lacked particularity, and failed to show a nexus between the crimes alleged and the items to be seized. Additionally, he asserts that the good faith exception to an otherwise invalid warrant does not apply.

The Fourth Amendment, which protects individuals from unreasonable searches, provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter police misconduct, evidence seized in

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

3

violation of the Fourth Amendment generally is inadmissible at trial. *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). This is the exclusionary rule. However, under the good faith exception to that rule, such evidence is nevertheless admissible if it was "obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." *United States v. Leon*, 468 U.S. 897, 900, 913, 918 (1984).

We review the district court's factual findings for clear error and its legal conclusions de novo when assessing a decision on a motion to suppress. *United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018). When a district court denies the motion, we view the evidence in the light most favorable to the Government. *United States v. Shrader*, 675 F.3d 300, 306 (4th Cir. 2012). In cases where a defendant challenges both the existence of probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).

Ordinarily, "searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity;
> (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the

4

police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011).  In assessing whether the exception applies, our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances."  *Leon*, 468 U.S. at 922 n.23.

Assuming without deciding that the Facebook warrant was invalid, we conclude that the good faith exception to the exclusionary rule applies.  The Facebook warrant was not "so facially deficient" that no reasonable officer could have relied on its validity.  *See Wellman*, 663 F.3d at 228-29.  On the contrary, the warrant was sufficiently particularized as it was cabined to ascertaining location data associated with a single Facebook account over a 30-day period.  *Compare United States v. Zelaya-Veliz*, 94 F.4th 321, 340-41 (4th Cir. 2024) (holding Court could "not say" that reasonable officers would have known that temporally unrestricted warrant to search private communications involving certain Facebook accounts was invalid given the "unsettled nature" of whether such warrants require temporal limitations), *petition for cert. docketed*, No. 24-5092 (U.S. July 16, 2024), *with United States v. Lyles*, 910 F.3d 787, 794-96 (4th Cir. 2018) (declining to apply good faith exception where three marijuana stems pulled from defendant's trash were used to support "astoundingly broad" general warrant).

5

## II.

Next, Perkins raises two challenges to the special condition of his supervised release requiring that he participate in mental health treatment. First, he argues that the district court committed an error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Second, he asserts that the district court impermissibly delegated to Probation the core judicial function of deciding whether he was to be subject to mental health treatment. At sentencing, the district court announced that Perkins would be "subject to drug testing and treatment and mental health treatment and counseling as directed by Probation if [Probation] deem[s] it to be necessary." (J.A. 894). The written judgment that followed mandated that Perkins participate in (1) a substance abuse program approved by Probation if he tests positive for controlled substances or shows signs of alcohol abuse and (2) a mental health treatment program approved by Probation.

"A defendant has the right to be present when he is sentenced." *Rogers*, 961 F.3d at 296. Accordingly, under *Rogers*, "a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). That said, "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Rogers*, 961 F.3d at 299 (internal quotation marks omitted). Thus, "where the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." *Id*. On the other hand, "if a conflict arises between the orally pronounced sentence and the

6

written judgment, then the oral sentence controls." *Id.* at 296. We review *Rogers* challenges de novo. *Id*.

As the Government correctly points out, the district court's statement at the sentencing hearing is susceptible to at least two meanings—either Probation had discretion to decide whether Perkins must participate in drug and mental health treatment, or it had the authority to instruct Perkins to participate in such treatment if certain conditions were met. Because both readings are reasonable, we conclude that the district court's oral pronouncement was ambiguous and that the written judgment subsequently clarified the ambiguity. Accordingly, there was no *Rogers* error.

Finally, Perkins argues that the district court, at sentencing, impermissibly delegated to Probation the core judicial function of deciding whether he was to be subject to mental health treatment. To be sure, "[a] court can't delegate core judicial functions such as the authority to decide . . . whether a defendant must attend a treatment program." *United States v. Van Donk*, 961 F.3d 314, 327 (4th Cir. 2020) (cleaned up). Again, however, the district court's oral pronouncement was ambiguous. Its written judgment, meanwhile, clarified any ambiguity. It foreclosed a reading of impermissible delegation by establishing that Probation was tasked with requiring Perkins to participate in a substance abuse treatment program only under certain conditions, namely, if he tested positive for controlled substances or showed signs of alcohol abuse, and with requiring him to participate in mental health treatment. Therefore, the district court did not impermissibly delegate to Probation a core judicial function.

## III.

Therefore, we conclude, first, that the good faith exception to the exclusionary rule applies to the Facebook warrant.  Second, the district court did not commit a *Rogers* error, nor did it impermissibly delegate a core judicial function to Probation.  We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*