**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4247

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY EARL HOOPER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:21-cr-00142-FL-1)

Submitted:  November 6, 2024                    Decided:  February 18, 2025

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Earl Hooper, Jr., pleaded guilty without the benefit of a plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Hooper asserts that North Carolina attempted robbery is not a crime of violence under the Sentencing Guidelines. He also asserts that the district court abused its discretion at sentencing by offering no reason for his sentence. And Hooper asserts that the court erred by not announcing at sentencing all of the discretionary conditions of supervised release. We vacate the sentence and remand for resentencing.

We conclude that Hooper's prior conviction for attempted robbery with a dangerous weapon is a crime of violence under U.S. Sentencing Guidelines Manual § 4B1.2(a)(1). *See United States v. Hamilton*, 95 F.4th 171, 176-77 (4th Cir. 2024), *cert. denied*, 2024 WL 4427150 (U.S. Oct. 7, 2024) (holding that North Carolina attempted armed robbery is a violent felony for armed career criminal purposes). We note that "the Guidelines' definition of a crime of violence and the [Armed Career Criminal Act]'s definition of a violent felony are 'substantively identical,'" and we may "rely on ACCA and Guidelines precedents interchangeably." *Id*. at 173 n.1.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). While a district court need not orally pronounce all mandatory conditions of supervision at the sentencing hearing, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either by separately announcing each discretionary condition or by "expressly

2

incorporating a written list of proposed conditions." *United States v. Rogers*, 961 F.3d 291, 296, 299 (4th Cir. 2020).

In pronouncing the terms of Hooper's supervised release at sentencing, the district court did not orally impose all of the standard conditions of supervised release. In *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), we explained that "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been imposed on the defendant." *Id*. at 345 (emphasis omitted). Where, as here, the court fails to announce non-mandatory conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing. *Id.* at 346 & n.4.

Accordingly, we vacate the sentence and remand for resentencing.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

* Because Hooper's sentence is being remanded for resentencing, we need not address Hooper's assertion that the district court did not adequately explain the sentence.

3