**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4007**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEVI MARTINEZ MOLINA, a/k/a Levi Martinez-Molina, a/k/a Levi Josue Martinez Molina, a/k/a Levi Josue Martinez-Molina, a/k/a Levi Molina-Martinez, a/k/a Levi Josue Martinez, a/k/a Levi Martinez, a/k/a Levie Martinez-Molina, a/k/a Levi Martinez-Godina,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00487-WO-1)

─────────────

Submitted:  September 9, 2025                    Decided:  September 18, 2025

─────────────

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** George E. Crump, III, Rockingham, North Carolina, for Appellant. Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levi Martinez Molina pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; possession of a firearm by a felon and illegal alien, in violation of 18 U.S.C. § 922(g)(1), (g)(5); and reentering the United States without authorization following his removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Martinez Molina to 168 months' imprisonment followed by five years' supervised release. On Martinez Molina's first appeal, we granted the Government's motion to dismiss in part, but vacated the sentence and remanded for resentencing. *See United States v. Molina*, No. 22-4403, 2023 WL 3863099 (4th Cir. June 7, 2023) (unpublished) ("*Molina I*") (citing *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) and *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020)). Specifically, we found that Martinez Molina's appeal waiver was valid and enforceable, but we vacated the sentence because the *Rogers* error fell outside the scope of the waiver. *Molina I*, 2023 WL 3863099, at *2.

At the resentencing, the court imposed the same sentence and again Martinez Molina appealed. On Martinez Molina's second appeal, we granted the Government's motion to dismiss the appeal as to any issues falling within the scope of the appeal waiver, but we again vacated Martinez Molina's sentence and remand for resentencing based on *Rogers*. *See United States v. Martinez Molina*, No. 23-4652, 2024 WL 3565310 (4th Cir. July 29, 2024) (unpublished) ("*Molina II*"). At the second resentencing hearing, the district court again imposed the same sentence and Martinez Molina now appeals.

2

Martinez Molina's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal and stating that the only potential issue for this appeal could be whether the written judgment and oral pronouncement of discretionary conditions of supervised release included in Martinez Molina's second resentencing contained any material variances. The Government has moved to dismiss Martinez Molina's appeal based on the appeal waiver in the plea agreement. Although informed of his right to do so, Martinez Molina has not filed a pro se supplemental brief.

In *Molina I*, we concluded that the appeal waiver in Martinez Molina's plea agreement was valid and enforceable and his guilty plea was knowingly and voluntarily made. We will not revisit those issues. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (noting that when a court decides a question of law, that decision governs subsequent stages of the same case). Moreover, the appeal waiver included Martinez Molina's right to challenge his sentence on any grounds unless the district court imposed a sentence above the statutory maximum, the court imposed a sentence based on an impermissible factor, or the Government appealed. Having reviewed the record, we conclude that Martinez Molina waived in his plea agreement his right to challenge the reasonableness of his sentence. In addition, the record discloses no meritorious issues that fall outside the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We thus grant the Government's motion to dismiss the appeal as to any issues falling within the scope of the appeal waiver, and

3

affirm the remainder of the judgment. This court requires that counsel inform Martinez Molina, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez Molina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez Molina. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*