**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4448**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONALD EUGENE HARVEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00226-WO-1)

_____

Submitted:  July 29, 2025                      Decided:  September 23, 2025

_____

Before KING, WYNN, and BERNER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Eugene Harvey pleaded guilty, pursuant to a written plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343.  The district court sentenced Harvey to an upward-variant sentence of 30 months' imprisonment to be followed by three years' supervised release, in addition to mandatory, standard, and special conditions of supervision.  On appeal, Harvey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Harvey's term of imprisonment.  Although notified of his right to file a supplemental pro se brief, Harvey has not done so.  The Government has declined to file an appellate brief.  We affirm Harvey's conviction, but for the reasons that follow, we vacate his sentence and remand for plenary resentencing.

"[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."  *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers,* 961 F.3d 291, 296 (4th Cir. 2020)).  "Discretionary conditions that appear for the first time in a subsequent written judgment[] . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."  *Id.* at 344 (citing *Rogers*, 961 F.3d at 295, 300-01).

Here, our review of the record pursuant to *Anders* reveals that the written judgment contains a discretionary special condition of supervised release—requiring Harvey to submit to warrantless searches while under supervision—that the district court did not orally pronounce in open court at Harvey's sentencing hearing.  Although the district court

2

stated that it was incorporating by reference the special conditions of supervised release listed in Harvey's presentence report (PSR), the warrantless search condition was not among the PSR's recommended special conditions. Under *Singletary*, therefore, we must vacate Harvey's sentence and remand for resentencing. Furthermore, because the sentence must be vacated in its entirety, we do not reach the question raised by counsel regarding the substantive reasonableness of Harvey's 30-month term of imprisonment. Accordingly, we affirm Harvey's conviction, but we vacate his sentence and remand for full resentencing.

This court requires that counsel inform Harvey, in writing, of the right to petition the Supreme Court of the United States for further review. If Harvey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harvey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*